[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 2, 2012
JOHN LEY
CLERK

_____

No. 11-12911

_____

D. C. Docket No. 4:08-cv-01576-IPJ-RRA

GEOFFREY TODD WEST,

Petitioner-Appellant,

versus

COMMISSIONER,
ALABAMA DEPARTMENT OF CORRECTIONS,
WARDEN, HOLMAN CORRECTIONAL FACILITY,
ATTORNEY GENERAL, STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 2, 2012)

Before EDMONDSON, BARKETT, and MARTIN, Circuit Judges.

PER CURIAM:

This appeal is from the denial of Section 2254 relief to a state prisoner sentenced to death. This appeal raises claims of ineffective assistance of counsel. Briefly stated, three claims are presented:

1. Did the district court properly deny habeas relief on Petitioner's claim that counsel was ineffective for failing to object to Petitioner being required to wear a stun belt at trial?

2. Did the district court properly deny habeas relief on Petitioner's claim that counsel was ineffective for failing to investigate and present mitigation evidence at the penalty phase?

3. Did the district court properly deny habeas relief on Petitioner's claim that counsel was ineffective for failing to argue that petitioner had no significant prior criminal history?

The district court denied relief in a comprehensive, coherent order that relied on a variety of alternative and cumulative grounds. *West v. Allen*, ___ F. Supp. 2d ___, 2011 WL 8138284 (N.D. Ala. Apr. 26, 2011). In the light of the deference required by both the Antiterrorism and Effective Death Penalty Act of 1996 and by *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), we see no reversible error in the district court order.

We rely upon the lack of showing of prejudice as the ground for our affirming the district court's decision. Put differently, even if we suppose that the Petitioner can overcome the various technical and procedural hurdles to having the merits of his claims considered by federal courts and even if we suppose that his trial counsel performed in an objectively unreasonable way, Petitioner has entirely failed to show -- as is required by the *Strickland* test -- how Petitioner was prejudiced by his counsel's supposed inadequate performance. We accept that the pertinent decisions of the Alabama courts represent reasonable determinations of the facts. And we accept that those state decisions represent the reasonable application of clearly established Federal law as set out by the decisions of the Supreme Court of the United States.

AFFIRMED.